## Second Department, June, 1973

### (June 4, 1973)

■ In the Matter of Jack Solomons, a Court Reporter in the Supreme Court, Nassau County.— By order dated December 8, 1972, Richard C. Cahn, Esq., an attorney-at-law, was designated to hold a hearing (as Referee) on stated charges of misconduct, insubordination and dereliction of duty which had been preferred against the respondent, a Court Reporter employed in the Supreme Court, Nassau County (pursuant to 22 NYCRR 25.32). The order provided that the Referee make a record of the hearing and that he refer the record, together with his recommendations, to this court for review and decision. The specifics with respect to the charges are set forth in subdivisions " A " to " K ", inclusive, of paragraph " 2 " of the petition and are herein referred to as charges 2A to 2K (11 in all). The Referee found that seven of the charges, to wit: Charges 2A, 2B, 2F and 2I, involving acts allegedly demonstrative of offensive, abusive, insolent and arrogant conduct, and charges 2G, 2H and 2K, involving acts allegedly demonstrative of misconduct and dereliction of duty, were sustained. He further found that charge 2C, involving an alleged confrontation with the Administrative Judge and claimed to be indicative of disrespect and a breach of decorum, was sustained as to the claim of breach of decorum. The remaining three charges, to wit: 2D and 2E, involving acts claimed to be disruptive of orderly procedure in court, and 2J, involving acts demonstrative of misconduct, were found not to have been sustained and the Referee recommended that they be dismissed. Predicated on these findings the Referee initially recommended that the respondent be suspended without pay for two months (60 days), in addition to the 30-day suspension theretofore imposed pending the hearing and determination of the charges, and that he be transferred to the Supreme Court in Suffolk County. Thereafter, the Referee submitted a supplemental recommendation, for reasons therein specifically set forth, that the respondent " be placed at the bottom of the seniority list in the employment to which he is transferred ranking last in seniority to all of the reporters then employed in that Court " or, if that is not feasible, that the respondent " be reduced in grade and reassigned to one of the subordinate courts in Nassau County." In our opinion, the evidence adduced adequately substantiates the foregoing findings of the Referee. Accordingly, they are confirmed. With respect to the penalty, we find the Referee's rationale for the alternative supplemental recommendations persuasive, in view of the respondent's conduct and his apparent incompatibility with his judicial and nonjudicial supervisors. We nevertheless consider the penalty of suspension without pay (aggregating 90 days), initially recommended by the Referee as punishment in part, adequate punishment under the circumstances. This penalty should serve to deter any recurrences of this type of behavior and should have a salutary effect upon the respondent's future course of conduct. However, this court has been informed that the respondent was returned to the payroll as of January 10, 1973 but was not recalled to active duty until March 1, 1973. In a written stipulation he agreed that his restoration to the payroll shall not be deemed a waiver of any offset to which the State of New York may be entitled. Accordingly, since the respondent has thus far sustained a loss of 37 days in pay, he would be chargeable with an additional 53 payless days if the penalty of suspension for 90 days were imposed. However, since he was recalled to active duty on March 1, 1973 and was accordingly paid for 50 days (from January 10 to February 28, inclusive) without being assigned

and without having performed any court work during that period, we deem it advisable to impose an 87-day suspension (three days less than the 90-day penalty initially recommended by the Referee as punishment in part). The respondent's recall to active duty as of March 1, 1973 is therefore confirmed and he is restored to active duty as of that date, subject to the proviso that he not be paid for the period of 50 days next ensuing the date of the entry of an order hereon. We have reviewed and find without merit the respondent's arguments in support of his contention that the proceeding should have been dismissed on grounds which, in essence, challenge the authority of the petitioner to institute this proceeding, the validity of the petitioner's appointment as a supervisor, the binding nature of the promulgated rules which the respondent allegedly violated and the jurisdiction of this court to entertain the charges. Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.